ORDERED UNSEALED on 11/07/2025 s/ andreasar

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT STOKES,

Defendant.

**Case No.** 25-mj-06064

COMPLAINT FOR VIOLATION OF:
Title 21, U.S.C., Sec. 841(a)(1) – Possession of Controlled Substances with Intent to Distribute (Felony); 18 U.S.C., Sec. 924(c)(1) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and 18 U.S.C., Sec. 922(g)(1) – Felon in Possession of a Firearm

The undersigned complainant being duly sworn states:

**COUNT ONE**

On or about August 28, 2025, within the Southern District of California, defendant ROBERT STOKES did knowingly and intentionally possess with the intent to distribute 100 grams and more of a mixture or substance containing a detectable amount of PCP, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 84l(a)(l).

**COUNT TWO**

On or about August 28, 2025, within the Southern District of California, defendant ROBERT STOKES did knowingly and intentionally possess with the intent to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 84l(a)(l).

**COUNT THREE**

On or about September 18, 2025, within the Southern District of California, defendant ROBERT STOKES did knowingly and intentionally possess with the intent to distribute 1 kilogram and more of a mixture or substance containing a detectable amount

of PCP, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR**

On or about September 18, 2025, within the Southern District of California, defendant ROBERT STOKES did knowingly and intentionally possess with the intent to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FIVE**

On or about September 18, 2025, within the Southern District of California, defendant ROBERT STOKES, in furtherance of a drug trafficking crime, namely possession with intent to distribute PCP and methamphetamine as charged in Count Three and Count Four, did knowingly possess a firearm; in violation of Title 18, United Sates Code, Section 924(c)(1).

//

//

//

//

//

//

**COUNT SIX**

On or about September 18, 2025, within the Southern District of California, defendant ROBERT STOKES, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

SARAH DURAY
Digitally signed by SARAH DURAY
Date: 2025.11.05 08:35:58 -08'00'

Sarah Duray
Special Agent, DEA

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 5th day of November, 2025.

Barbara L Major

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

**Counts 1–2**

**August 28, 2025: STOKES Possessed Methamphetamine and PCP During a Car Stop**

On August 28, 2025, at approximately 4:00 p.m., an on-duty San Diego Police Department (SDPD) Officer observed a Jeep bearing California license plate 7BNJ217 near 32nd Street and Commercial Avenue, which is within the Southern District of California. While the Jeep was in that area, the Officer observed a hand-to-hand transaction between a pedestrian and an occupant of the Jeep. The on-duty Officer notified other patrolling Officers of the hand-to-hand transaction he observed.

Two patrolling SDPD Officers traveled toward the area of the reported hand-to-hand transaction and observed the Jeep driving eastbound on 3400 Ocean View Boulevard. As the Officers followed the Jeep, it arrived at the intersection of Ocean View Boulevard and 35th Street, where the Officers observed the Jeep fail to stop at a red light before entering the intersection. The Officers initiated a traffic stop of the Jeep, which yielded near 3500 Ocean View Boulevard.

Police identified Robert STOKES as the driver and sole occupant of the Jeep based on his California driver's license. As Officers conducted a records check, a narcotics K-9 arrived and alerted near the driver's door. Based on that alert, Officers searched the Jeep, which revealed several containers of drugs and a digital scale. Among the drugs found in the Jeep were approximately 67 vials of yellow liquid determined to contain PCP and paraphernalia used to distribute and use PCP, including cigarettes and wooden sticks which can be dipped in PCP and then sold. Also found in the Jeep were mason jars containing bindles of crystalline substances determined to contain methamphetamine. STOKES was arrested and a search of his person revealed him to be in possession of approximately $790 in cash. STOKES also possessed two cell phones, which police seized.

Laboratory analysis of the crystalline substance seized from the Jeep revealed it to be approximately 63 grams of methamphetamine (actual), which is a Schedule II controlled

substance. Laboratory analysis of the yellow liquid seized from the Jeep revealed it to be approximately 321 grams of PCP, which is a Schedule II controlled substance.

**Counts 3–6**

**September 18, 2025: Methamphetamine, PCP, and Firearms Seized During Execution of Residential Search Warrant**

The phones STOKES possessed during his August 28, 2025 arrest were searched by drug investigators pursuant to a search warrant. A review of those phones revealed photos of two white recreational vehicle (RVs). In a message to one of the contacts in his phone, STOKES wrote that he purchased one of the RVs on the morning of June 14, 2025 for $20,000. Then, on July 12, 2025, STOKES was asked for his address in a message from another contact. STOKES replied:

> "Shooting iron trail. In shelter valley Julian CA. The 4th lot on the left hand side. Two motor homes and a weight set in front. Same side as the fire station is on. The easiest way to find it. Google directions to shelter valley fire station Julian CA."

Based on the information in STOKES' phones, investigators conducted surveillance of the area near Shooting Iron Trail, Julian, California 92036 on September 8, 2025. While doing so, investigators observed two white RVs matching the photos previously seen when reviewing STOKES' phones. Investigators observed the location of the RVs matched the description STOKES provided in the message seen on his phone. A few days later, on September 11, 2025, investigators returned to the location of the RVs and observed the weight set STOKES had mentioned in the message describing the location of his residence. The investigators then spoke with a Deputy with the San Diego Sheriff's Department who told the surveilling investigators that STOKES owned the land where the RVs were parked.

Investigators obtained a search warrant for the RVs and the area where they were parked, which was described as Shooting Iron Trail, (Parcel Number: 295-210-29-00). On

September 18, 2025, investigators went to the location of the RVs and observed the RVs to have California license plates 9GGF543 (RV1) and 4APY552 (RV2). A records query revealed that RV1 was registered to an individual with the initials P.S. and with a release of liability to STOKES dated June 20, 2025 and RV2 was registered to STOKES.

Investigators executed the search warrant on September 18, 2025. There were no individuals present at the time of the search. During the search of RV2, investigators found, among other items:

- Mail in STOKES' name;
- Approximately 1 kilogram grams of PCP ;
- Approximately 1.5 kilogram of methamphetamine (actual);
- Two functioning digital scales with residue;
- A loaded Colt .357 caliber revolve bearing serial number 43454L;
- A Silver H&R .38 caliber revolver with no serial number;
- A 5.56 caliber rifle-styled firearm with no serial number;
- A Norinco 7.62 mm rifle bearing serial number 1221;
- A Browning .22 caliber rifle with no serial number; and
- A 9mm semiautomatic handgun with no serial number with a suppressor attached.



*STOKES' RVs where the firearms and drugs were found on September 18, 2025*




*Firearms, methamphetamine, and PCP recovered from STOKES' RVs on September 18, 2025*




After the search warrant was executed, investigators located STOKES near 4800 Ocean View Boulevard and arrested him based on the items found during the search of his RVs.

Records checks on STOKES revealed the following criminal history:

| Conviction Date | Court of Conviction | Charge | Imprisonment |
|---|---|---|---|
| January 6, 1987 | CASC – San Diego | Cal. P.C. §470 – Forgery (Felony) | 3 Years Probation |
| July 28, 1989 | CASC – San Diego | Cal. P.C. §459 – Burglary (Felony) | 2 Years Prison |
| June 4, 1991 | CASC – San Diego | Cal. P.C. §§211, 12022(a) – | 16 Years Prison |

| | | | |
|---|---|---|---|
| | | Armed Robbery (Felony) | |
| October 28, 2014 | CASC – San Diego | Cal. H&S §11378 – Possess Controlled Substance with Intent to Sell (Felony) | 3 Years Probation |
| March 26, 2015 | CASC – San Diego | Cal. H&S §11378 – Possess Controlled Substance with Intent to Sell (Felony) | 3 Years Probation |

Based on my training and experience, the amount of PCP and methamphetamine seized from the Jeep that STOKES was driving and the amount of those same drugs that were seized from RV2, which is registered to STOKES, are distributable quantities. This is based upon a review of the totality of the evidence seized, which includes STOKES' possession of large quantities of both substances that were packaged in smaller quantities, his possession of paraphernalia used in drug distribution, including digital scales and other paraphernalia used to sell PCP such as cigarettes and wooden sticks. The quantity of cash in STOKES' possession during the traffic stop and after which he is believed to have conducted a hand-to-hand transaction is consistent with the sale of drugs in exchange for cash proceeds. In my experience, individuals involved in drug trafficking will frequently possess a firearm to protect themselves, their drugs, and proceeds from drug sales.

**REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the

contents of this probable cause statement and related documents may cause the defendant to flee or have a negative impact on this continuing investigation.